# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CASE NO. 3:10-CR-00076-R

THE UNITED STATES OF AMERICA                              PLAINTIFF

v.

KENNETH L. LAPRADD                                      DEFENDANT

## MEMORANDUM OPINION & ORDER

This matter comes before the Court upon Defendant Kenneth L. LaPradd's Motion to Suppress Evidence (DN 25). A suppression hearing was held on September 21, 2010, in Louisville, Kentucky. Appearing for the United States was Ann Claire Phillips, AUSA, and for the Defendant was Patrick Bouldin. Terri Turner, official court reporter, recorded the proceedings. The matter is now ripe for adjudication. For the reasons that follow, Defendant's Motion is DENIED.

## BACKGROUND

On August 7, 2009, LaPradd was at the University of Louisville Art Library using a public desktop computer.[1] LaPradd was known to the library staff, as he frequently used the public computers and had been the subject of several complaints to the staff regarding a number of pornographic images other library patrons had seen on his computer terminal. In previous conversations with the University of Louisville Police Department ("ULPD") about the patrons' complaints concerning LaPradd, the library's staff had been advised to call the ULPD when he next appeared at the Art Library. Upon sighting LaPradd on August 7, the library staff contacted the ULPD.

---

[1] The computers are in the lobby of the library, have unfiltered access to the internet, and are available for public use.

Following their arrival at the library, several ULPD officers observed LaPradd before approaching him. The officers were able to see that LaPradd was looking at pornographic images, but could not be certain whether the images constituted child pornography. At some point before the officers approached him, LaPradd minimized the internet browser windows on the computer screen, effectively concealing from the officers what he had been viewing. Officer David James of the ULPD eventually walked up to LaPradd, introduced himself as a police officer, and asked him if he would step outside the lobby of the library and speak with him. LaPradd agreed that he would.

Prior to making any inquiries of him, Officer James recited to LaPradd his constitutional rights as set forth in *Miranda*. Following that, Officer James asked whether LaPradd had been viewing child pornography on the computer, to which LaPradd answered in the affirmative. LaPradd also admitted to Officer James that he had pornographic images of children on a thumb drive[2] that he had in his possession. Subsequent to this questioning, Officer James put LaPradd under arrest for violating Kentucky's laws forbidding child pornography.

During the conversation between Officer James and LaPradd outside the library lobby, other officers of the ULPD inspected the computer previously occupied by LaPradd. When they maximized the internet browsing windows, the officers discovered a number of pornographic images of children.

While in custody, LaPradd was transported to the ULPD office and interviewed by Detective Jeffrey G. Jewell. After completing a form waiving his *Miranda* rights, LaPradd

---

[2] A thumb drive is an external memory storage device for computers similar to a floppy disk, only smaller and with more memory-storage capability.

revealed to Detective Jewell that during his use of the computers in the Art Library, he had connected to internet sites containing images of nude children under the age of 18, saving a number of images on his thumb drive, and that he had images of children engaged in sexual acts in his apartment. These verbal statements were taped by Detective Jewell. LaPradd was also asked to consent to a search of his apartment. LaPradd completed a consent to search form that was witnessed by Detective Jewell and another officer. In the subsequent search of his apartment, the ULPD discovered a number of pornographic images of children. Thereafter, pursuant to a state-court warrant, a forensic examiner from the U.S. Secret Service in Louisville examined the computer at the Art Library and LaPradd's thumb drive. Pornographic images of children where found on each.

Defendant Kenneth L. LaPradd has been indited with one count of Receipt of Child Pornography (U.S.C. §§ 2252A(a)(2)(B), 2252A(b)(1)) and one count of Possession of Child Pornography (U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2)). LaPradd comes now before the Court in an attempt to suppress evidence that was found on the thumb drive and the computer terminal at the Art Library, evidence that was discovered at his apartment, and incriminating statements he made to the ULPD. In support of this Motion to Suppress, LaPradd argues that (1) Officer James's pre-arrest seizure of LaPradd at the Art Library was unlawful (2) there was no probable cause to arrest LaPradd for violating the child pornography laws of Kentucky and (3) the officers' search of the library computer, specifically maximizing the internet browser windows during LaPradd's conversation with Officer James, constituted an illegal, warrantless search in violation of the Fourth Amendment.

**ANALYSIS**

**A. Officer James's Initial Interaction with LaPradd was not a Seizure**

The Fourth Amendment prohibits "unreasonable searches and seizures" of individuals. U.S. CONST. AMEND. IV. A law enforcement officer does not violate the Fourth Amendment by detaining someone briefly if the officer "possesses a reasonable and articulable suspicion that a person has been involved in criminal activity." *United States v. Foster*, 376 F.3d 577, 584 (6th Cir. 2004) (citation omitted); *see Terry v. Ohio*, 392 U.S. 1 (1968). However, "[e]xisting precedent teaches that a 'seizure' occurs during a police-citizen encounter 'only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.'" *United States v. Taylor*, 956 F.2d 572, 575-76 (6th Cir. 1992) (quoting *United States v. Mendenhall*, 446 U.S. 544, 554 (1980)). Factors that indicate whether a person has been seized within the meaning of the Fourth Amendment include the number of officers present at the incident, whether the officer displayed their weapon to the citizen, if the police physically touched the citizen during the encounter, and whether the language and tone of the officer signified that the citizen's cooperation might be compelled. *Mendenhall*, 446 U.S. at 554; *Wilson v. Wilkins*, 362 F. App'x. 440, 444 (6th Cir. 2010).

The evidence demonstrates that LaPradd's interaction with Officer James was not a seizure. Officer James asked LaPradd to step outside the library with him so the two men could speak alone, and from all accounts LaPradd went willingly. Though LaPradd was advised of his rights, Officer James made no attempt to restrain him from leaving the area. While LaPradd did answer several direct questions about his activities in the library, nothing from the evidence indicates that Officer James was forceful or aggressive in these inquiries. From these facts and

4

in reviewing past precedent, this Court believes that a reasonable person would have believed that they could have terminated the encounter with Officer James if they had so desired. *See United States v. Taylor*, 956 F.2d 572, 573-76 (6th Cir. 1992) (seizure did not occur where officers approached defendant, identified themselves, and asked if they could review defendant's drivers license and airline ticket); *United States v. Collis*, 766 F.2d 219, 221 (6th Cir. 1985) (seizure did not occur where officer touched defendant on the shoulder, identified himself, and defendant answered questions voluntarily).

### B. Officer James had Sufficient Probable Cause to Arrest LaPradd

An officer has probable cause to arrest an individual where the facts and circumstances available to the officer are "sufficient to warrant a prudent man in believing that the arrestee had committed or was committing an offense." *Avery v. King*, 110 F.3d 12, 14 (6th Cir. 1997) (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). Mere suspicion of criminal acts constitutes an insufficient foundation to support a finding of probable cause. *Harris v. Bornhorst*, 513 F.3d 503, 511 (6th Cir. 2008) (quoting *Williams ex rel. Allen v. Cambridge Bd. of Educ.*, 370 F.3d 630, 637 (6th Cir. 2004)).

LaPradd's confession to Officer James that he had been looking at child pornography on the computer and had pornographic images of children on his thumb drive provided sufficient probable cause for LaPradd's arrest. That Officer James was uncertain exactly what the images portrayed or if they comported with the child-pornography prohibitions under Kentucky law at the time of the arrest is irrelevant given LaPradd's direct and unambiguous confession.

### C. LaPradd had no Expectation of Privacy on the Library's Public Computer

The Fourth Amendment prohibits "unreasonable searches and seizures" of individuals.

U.S. CONST. AMEND. IV.  However, "in order to challenge a search or seizure as a violation of the Fourth Amendment, a person must have had a subjective expectation of privacy in the place or property to be searched which is objectively reasonable."  *Guest v. Leis*, 255 F.3d 325, 333 (6th Cir. 2001).

LaPradd did not have a subjective expectation of privacy using the public computers at the Art Library.  The computers are located in the lobby of the library and in plain view of the patrons and staff.  Indeed, that other patrons saw LaPradd viewing pornographic images indicates just how little privacy is afforded those who use the Art Library's public computers.  Additionally, access to the computers appears to be granted at the library staff's discretion, illustrating that LaPradd had ultimately no control over whether he could use the computer, and consequently could not have expected any privacy as to his computer-related activities.  Finally, the internet sites to which the computer terminal was connected did not contain personal information relevant to LaPradd, such as an email account; instead they were generally accessible to all with a computer and the internet, and therefore LaPradd had no expectation of privacy in viewing those particular sites.

Courts around the country have also been reluctant to extend broad Fourth Amendment search protections to computers and computer-generated information located on a computer outside of one's residence or place of work.  *See Guest*, 255 F.3d at 333 (individual did not have an expectation of privacy for information posted on a electronic bulletin board); *see also United States v. Barrows*, 481 F.3d 1246, 1248 (10th Cir. 2007) (individual who logged onto city network for file sharing with his own computer had no reasonable expectation of privacy); *United States v. Ziegler*, 474 F.3d 1184, 1189-90 (9th Cir. 2007) (employee had a reasonable

expectation of privacy with regard to work computer, as office was not shared and kept locked); *United States v. Lifshitz*, 369 F.3d 173, 190 (2d Cir. 2004) ("Individuals generally possess a reasonable expectation of privacy in their home computers."). This Court sees no reason to deviate from the previously established precedent.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that LaPradd's Motion to Suppress Evidence is DENIED.